# EXHIBIT "D"

## PLEDGE OF SPECIAL
## CERTIFICATES OF INVESTMENT AGREEMENT

1. In consideration of the financial facilities and guarantees given to Tomas Niembro Concha, Citizen Spanish, Passport N° XDB338879 (hereinafter called the "Debtor") by OUR MICROLENDING LLC (hereinafter called the "Secured Party") for the aggregate amount of Four millions, with 00/100 Dollars (US$ 4,000,000.00) and as collateral security for the payments of principal commissions,, interest and other sums owed by the Debtor to the Secured Party thereunder (hereinafter called Indebtedness), NODUS INTERNATIONAL BANK INC., an international banking institution founded last November, 17th 2009, on Puerto Rico, domiciled at San Juan, Puerto Rico (hereinafter called the "Guarantor") hereby grants to the Secured Party a first priority security interest in the form of a pledge on the money and property delivered to and deposited with OUR MICROLENDING LLC under the CERTIFICATES OF INVESTMENT No. 4C1222040001-0 for the amount of Four millions, with 00/100 Dollars (US$ 4,000,000.00) issued on April 11th, 2022 and any renewals thereof, together with any other property whether in the form of interest of otherwise to which the Guarantor is or may hereafter become entitled to receive on account of such property, and in the event that the Guarantor receives any such property, the Guarantor will immediately deliver it to OUR MICROLENDING LLC, to be held by it hereunder in the same manner as the property originally delivered hereunder. All money and property so delivered to OUR MICROLENDING LLC, under this paragraph will form part of this pledge and is hereinafter called "Collateral". Without the prior written consent of the Secured Party, Guarantor shall not pledge in part the account pledge hereby to any third party.

2. The Guarantor will at all times maintain Collateral of a character and value reasonably satisfactory to the Secured Party. If at any time the value of Collateral is insufficient to cover the indebtedness (a) Any decline in all or any portion of the Collateral, or

(b)     Failure of all or any portion of the Collateral to conform with legal requirements; then in such event, the Guarantor, upon written demand of the Secured Party must a) deliver to OUR MICROLENDING LLC, additional collateral security proportionately to such decline of the Collateral or failure to conform with legal requirements which shall become part of the pledge established hereby and shall be automatically subject to the terms and conditions hereof, or
b) make payments to the Secured Party on account of or otherwise reduce the amount of the Indebtedness proportionately such decline of the Collateral or failure to conform with legal requirements so that in either case the value of Collateral is not less than the outstanding amount of the indebtedness.

3. At any time with, with prior written notice to the Guarantor and at the reasonable and documented expense (if any) of the Guarantor, the Secured Party (in the name of the Debtor if applicable) may, but shall not be obligated to:

(a) Insure, preserve or repledge the Collateral
(b) Transfer the funds under the Collateral to any other subsidiary or affiliate of OUR MICROLENDING LLC, without affecting the Rights and obligations under this Security Agreement.
(c) Exercise as to such Collateral all the rights, powers and remedies established by law, including the right, to foreclose after due written notice by the Secured Party to the Guarantor that all amounts have been declared due and payable upon the occurrence of an event of default thereunder and end this pledge by collecting the money and applying against any amount . Due and payable under the Indebtedness

*TNC.*

4. All reasonable and documented advances, charges, costs and expenses, including reasonable and documented attorney fees incurred or paid by the Secured Party in exercising any right, power or remedy conferred by this Security Agreement, or in the enforcement thereof, shall become a part of the Indebtedness secured hereunder and shall be paid to the Secured Party by the Guarantor upon foreclosure on the pledge hereunder in accordance with the provisions hereof.
5. The Guarantor waives any right to require the Secured Party to (a) proceed against any person {b) proceed against or exhaust any Collateral or (c) pursue any other remedy in the Secured Party's power; and waives any defense arising by reason of any disability or other defense of the Guarantor or any person. Until all Indebtedness shall have been paid in full, the Guarantor shall have no right of subrogation and waives any right to enforce any remedy which the Secured Party now has or may hereafter have against any other person.
6. The Guarantor authorizes the Secured Party with prior written notice to Guarantor and without affecting his liability hereunder or on the Indebtedness, from time to time to: (a) renew extend, accelerate or otherwise change the time payment of, or otherwise change the terms of. the Indebtedness any part thereof, including increaser decrease of the rate interest thereon in each case; (b} waive and release the Collateral or any part thereof.

7. The Secured party shall deliver, within three (3) business days upon receiving a written request from the Guarantor, the Collateral or any proportional part thereof to the Debtor upon total or partial payment of the Indebtedness. Or upon reduction of the Indebtedness value with regards to the collateral value resulting from any event as reasonably determined by the Secured party, and subject to the satisfaction of any other sum due and payable under the Indebtedness. The receipt of the Debtor shall be a complete and full acquaintance for the Collateral so delivered and the Secured Party shall thereafter be discharged from any liability or responsibility therefore.

8. Upon the transfer of all or any part of the indebtedness the Secured Party may transfer all or any part of the Collateral and shall be fully discharged thereafter from all liability and responsibility with respect to such Collateral so transferred, and the transferee shall be vested with all the rights and powers of the Secured Party hereunder with respect to such Collateral so transferred; but with respect to Collateral not so transferred the Secured Party shall retain all rights and powers hereby given.

9. This is a continuing Security Agreement and all the rights, , powers and remedies hereunder shall apply to the existence of the Indebtedness of the Debtor to the Secured Party, notwithstanding the incapacity, or bankruptcy of the Debtor, or any other event or proceeding affecting the Debtor

10. Until all Indebtedness shall have been paid in full, the power of repledge, foreclose, and all other rights, powers and remedies granted to the Secured Party hereunder shall continue to exist accordance with the provisions hereof.

11. The rights, powers and remedies given to the Secured Party by this Security Agreement shall be in addition to all right, powers and remedies given to the Secured Party by virtue of any statute or rule of law. Any forbearance or failure or delay by the Secured Party in exercising any rights, power or remedy hereunder shall not be deemed to be a waiver of such right, power or remedy, and any single or partial exercise of any right, power or remedy hereunder shall not preclude the further exercise thereof; and every right, power and remedy of the Secured Party Shall continue in full force and effect until the satisfaction in full of all the obligations under the Letter of Credit and this Security Agreement.

12. To the extent a provision of this Pledge Security Agreement is unenforceable, this Pledge Security Agreement will be construed as if the unenforceable provision were omitted.

13. A successor to or assignee of Secured Party's rights and obligations under the Pledge Security Agreement between Secured Party, the Guarantor and Debtor will succeed to Secured Party's rights and obligations under this Pledge Security Agreement.

14. This Pledge Security Agreement shall be governed by and interpreted under the laws of Barbados, and is further subject lo The General Conditions of OUR MICROLENDING LLC.

IN THE WITNESS WHERE OF, the Guarantor explicitly represents states and warrants to OUR MICROLENDING, LLC, that it is fully empowered to enter into this Pledge and Security Agreement and that all required approvals have been obtained by it to sign and execute this agreement and therefore has executed this Security Agreement on this date April 11th, 2022

Signature: _____
Name: TOMAS NIEMBROC
Title: CEO