UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 1:25-cv-20550-PCH

DRIVEN, P.S.C., as the Liquidation Receiver
for NODUS INTERNATIONAL BANK, INC.,

    plaintiff,

v.

TOMAS NIEMBRO CONCHA; MORELLA
RINCON DE NIEMBRO; JUAN FRANCISCO
RAMIREZ; MARIA GABRIELA VASQUEZ
DE RAMIREZ; NODUS FINANCE, LLC;
OCEANA KEY BISCAYNE CORPORATION;
and JOSE G. SUAREZ,

    defendants.
_____/

## **MOTION FOR PROTECTIVE ORDER OF NODUS FINANCE, LLC**

Defendant Nodus Finance, LLC, files this Motion for Protective Order, pursuant to Federal Rule 26(c), requesting the cancellation of the unilaterally scheduled deposition of its corporate representative currently set for July 16, 2025, and preventing the future scheduling of this deposition until the parallel criminal case pending in this district against Nodus Finance's sole shareholder and corporate representative, Tomás Niembro Concha, as to whom the Court already stayed this matter, is resolved.

### I.   BACKGROUND

On May 23, 2025, the Court heard defendants' joint motion to stay this case pending the resolution of the parallel criminal action against defendants Tomás Niembro Concha and Juan

1

Francisco Ramírez (the "Shareholders").[1] As stated in defendants' papers (ECF No. 50) and argued during that hearing, all defendants, including Nodus Finance, sought a stay of this case because of "the significant overlap between this case and the pending criminal case, the Shareholders' strong interest in protecting their right against self-incrimination, [and] the obstacles the remaining defendants will face in defending themselves in this action." *Id.* at 50. The Court granted the motion to stay as to the Shareholders and defendant José Gregorio Suarez. ECF No. 91 (the "Stay Order"). The Stay Order also cautioned that no oral discovery could be taken from the Shareholders and defendant Suarez, although written discovery could be served on all defendants in this case. *Id.*

Subsequently, Driven requested dates to take the deposition of Nodus Finance's Rule 30(b)(6) corporate representative. After reviewing the proposed notice of deposition, on June 19, 2025, Nodus Finance informed Driven that Mr. Niembro is Nodus Finance's sole shareholder and corporate representative and that the proposed deposition topics concerned the very issues raised in defendants' joint motion to stay. Although undersigned counsel offered to discuss this matter further, Driven proceeded to serve a notice of taking Nodus Finance's 30(b)(6) deposition, unilaterally scheduling it for July 16, 2025. *See* Notice of Taking Deposition of Corporate Representative for Nodus Finance, LLC, attached as **Exhibit A**. Among the topics in Driven's notice of deposition are Nodus Finance's document retention policy, steps taken by Nodus Finance to preserve evidence relevant to this case, and the identities of witnesses and location of documents related to promissory notes, loan purchase agreements, and loans. *See* Ex. A at 5-7.

---

[1] Nodus Finance, the Shareholders, Mrs. Ramirez, and Mrs. Niembro filed their joint motion to stay on April 4, 2025. ECF No. 50. On May 21, 2025, defendant José Gregorio Suarez filed a motion seeking the same relief after finding out that he too was under criminal investigation. ECF No. 85. Both motions were heard during the Court's May 23, 2025 hearing.

During the hearing on the motion to stay, the Court instructed that it would hear discovery issues related to the stay motion on a case-by-case basis. As such, counsel for Nodus Finance and Driven have conferred and agreed to a request for hearing on this motion.

## II. ARGUMENT

Federal Rule 26(c)(1) authorizes a party from whom discovery is sought to move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The trial court is given wide discretion in setting the limits of discovery. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). To determine whether good cause exists, the movant must demonstrate a particular need (*Smith v. Powder Mountain, LLC*, 2009 WL 10698489, *10 (S.D. Fla. Nov. 9, 2019)), and the court will balance the interests of the parties considering (1) the severity and the likelihood of the perceived harm, (2) the availability of a less onerous alternative, and (3) the duration of the relief requested. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Good cause exists to protect Nodus Finance from having to respond to the noticed deposition topics because those topics exceed the scope of permissible discovery under the Stay Order and the controlling law set forth below, and all three factors merit the entry of a protective order as to the discovery sought.

### A. Nodus Finance and Mr. Niembro Will Suffer Severe Harm if the Deposition Proceeds

As briefed in defendants' joint motion to stay, Mr. Niembro is the sole owner of Nodus Finance, and he likely will invoke his Fifth Amendment right against self-incrimination at every stage of this case, including throughout discovery and at trial. ECF No. 50 at 9. Nodus Finance's ability to defend itself at deposition will be severely affected by invocation of the Fifth Amendment privilege by its corporate representative, Mr. Niembro. *Shofur LLC v. Fitzpatrick*,

3

2020 WL 13327561, at *1 (N.D. Ga. Nov. 27, 2020) (finding that corporation was "substantially intertwined" with its central corporate officer and his "invocation of his Fifth Amendment rights may similarly hinder these corporate entities' ability to defend this case").

The notice of deposition contains 22 topics, 19 of which solely request the location of documents and the identity of custodians or employees. *See* Ex. A at Topics 2, 5-22. A corporate representative who is closely identified with a corporation may not be compelled to testify about the location or custodian of documents when the testimony may be self-incriminating. *Grand Jury Subpoena Dated Apr. 9, 1996 v. Smith*, 87 F.3d 1198 (11th Cir. 1996). In *Smith*, the appellant was served with a grand jury subpoena as the "custodian of records for a corporation of which she is the sole officer and director." *Id.* at 1199. The appellant moved to quash the subpoena, indicating that she would invoke her Fifth Amendment right not to incriminate herself if asked the location and custodians of the records. *Id.* Relying on Supreme Court precedent, the court reasoned that "forcing the custodian to testify orally as to the whereabouts of [] records requires him to disclose the contents of his own mind. He might be compelled to convict himself out of his own mouth. That is contrary to the spirit and letter of the Fifth Amendment." *Id.* at 1201 (citing *Curcio v. United States*, 354 U.S. 118, 126 (1957)). *Smith* compels the entry of a protective order here. Like the appellant in *Smith*, Mr. Niembro is Nodus Finance's corporate representative, and he is its sole owner. Due to the ongoing criminal case, Mr. Niembro has a substantial and real fear of self-incrimination, and the severity and likelihood of harm cannot be overstated due to the overlap between both cases.

The three remaining topics concern Nodus Finance's record retention policies, preservation of evidence, and how records were kept in the ordinary course of business. *See* Ex. A at Topics 1, 3, 4. The requested testimony would require Mr. Niembro, as Nodus Finance's

corporate representative, to answer questions on these topics "using the contents of his mind" as opposed to the information on the papers themselves, which triggers his right to Fifth Amendment protection. *U.S. Commodity Futures Trading Comm'n v. Garcia*, 2015 WL 3453472, at *5-*7 (M.D. Fla. May 29, 2015). In *Garcia*, the court analyzed whether a preliminary injunction to provide a summary and analysis of corporate books and records violated a defendant's Fifth Amendment rights. The defendant there was under criminal investigation and was the corporate representative for several corporate defendants of which he was the principal and the controlling person. *Id.* at *1. The court denied part of the preliminary injunction that would have required the defendant to "us[e] the contents of his mind to communicate other facts" than those on the produced records. *Id.* at *5. Here, topics 1, 3, and 4 would require Mr. Niembro to provide substantive information protected by his Fifth Amendment rights. These topics, as discussed further in section B below, are further unduly burdensome and prejudicial because no written discovery has been sought in this case.

The Stay Order recognizes the severity and likelihood of harm to Mr. Niembro, as a subject of the criminal complaint, and forbids oral discovery from being taken from him. ECF No. 91. Nodus Finance will also suffer the same harm if the Court does not enter an order protecting it because its corporate representative must protect his rights under the Fifth Amendment, and the noticed deposition topics request information which he cannot be compelled to provide. *See Curcio*, 354 U.S. at 126.

B. **There Are Less Onerous Alternatives to Obtain the Discovery Sought**

As of the filing of this motion, Driven has not served written discovery requests on Nodus Finance. Federal Rule of Civil Procedure 26 limits discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case,"

5

taking into consideration whether the information is available from another source "that is more convenient, less burdensome, or less expensive." Fed R. Civ. P. 26(b)(1), (b)(2)(C).

As a preliminary matter, Driven's request for the location and custodian of numerous types of records is irrelevant and not essential considering they have never requested the records from Nodus Finance. Further, the information sought through the deposition of Nodus Finance's corporate representative is unduly burdensome and disproportionate to the needs of the case because of the serious harm to Mr. Niembro's right against self-incrimination and Nodus Finances' right to defend itself should the deposition be permitted to proceed versus the ease through which the information could be obtained through a request for production. The Court's Stay Order specifically provides for written discovery and protects the defendants' ability to object to such discovery. ECF No. 91.

Because there are less onerous alternatives to obtain the information sought through the deposition of Nodus Finance's corporate representative, the Court should grant this request for protective order.

### C. The Duration of the Relief Requested is the Same as the Stay Order

Defendants' joint motion requested a stay of this action until the criminal case was resolved, and the Court granted the stay for that length of time as to the Shareholders and Suarez. ECF Nos. 50, 91. Nodus Finance seeks a protective order as to the deposition of its corporate representative, Mr. Niembro, for the same length of time, because he is a defendant in the criminal matter and the Stay Order already contemplates that no oral discovery may be taken from him at this time. The request for a protective order for this duration of time is minimally prejudicial to the plaintiff because there are other discovery tools available to it. On the other hand, allowing this deposition to proceed will be highly prejudicial to Nodus Finance, which

cannot meaningfully participate in mounting a defense while its corporate representative invokes his Fifth Amendment right.

### D. The Competing Interests Weigh in Favor of Granting a Protective Order

The Court has already weighed competing interests in adjudicating the motion to stay and found that a stay was proper as to the defendants named in the criminal complaint, which includes Nodus Finance's corporate representative, Mr. Niembro. *See* ECF No. 91; *Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017) (In assessing whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance."). The inquiry on whether to grant a protective order based on the parties' interests yields the same result.

Considering all three factors, a protective order is necessary to safeguard Nodus Finance's right to defend itself, especially where there would be serious harm to Mr. Niembro's right against self-incrimination, there are less onerous alternatives available to obtain the information sought in the notice of deposition, and the duration of the relief requested is limited to the resolution of the criminal case.

## III. REQUEST FOR HEARING

Nodus Finance submits that oral argument will assist the Court in analyzing the issues set forth in this motion, as well as to have context and details about the discovery sought and how it relates to the criminal matter. Nodus Finance estimates that thirty minutes will be required for oral argument. Driven agrees to and joins this request for hearing.

## IV. CONCLUSION

For the good reasons stated above, Nodus Finance respectfully requests the Court enter a protective order canceling the deposition of its corporate representative and preventing the future scheduling of this deposition until the criminal case is resolved.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for the movant has been unable to resolve the issues with Driven, but Driven agrees to the request for hearing on this motion.

/s/ *Andrés Rivero*
Andrés Rivero

Dated: July 1, 2025

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Nodus Finance LLC*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: strujillo@riveromestre.com

By: /s/ *Andrés Rivero*
ANDRÉS RIVERO
Florida Bar No. 613819
SYLMARIE TRUJILLO
Florida Bar No. 112768

## CERTIFICATE OF SERVICE

I certify that on July 1, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document was served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrés Rivero*
ANDRÉS RIVERO